### 10384

#### BLACKMON v. WILLIAMS *ET AL.*

#### (102 S. E. 324.)

WILLS—PROVISIONS FOR WIDOW IN WILL HELD TO BE IN LIEU OF DOWER BY NECESSARY IMPLICATION.—Where surviving wife took the land given her by deceased husband's will, and the remaining land, pursuant to will, was sold for payment of debts and legacies, the personal estate being insufficient, the surviving wife, whose bequest was out of the very land of which she was dowable and more than her dower, was not entitled to dower in such land in addition to the provisions made for her in will; such provisions being by necessary implication in lieu of dower.

Before MOORE, J., Lancaster, at chambers, August 31, 1919.    Affirmed.

Suit by Sarah F. T. Blackmon against George W. Williams and others.    Judgment for defendants, and plaintiff appeals.

*Mr. J. Harry Foster,* for appellant, submits: *That the provision for appellant in the will of deceased husband did not bar her dower rights in the land ordered sold:* 59 S. C. 516; 34 S. C. 85; 2 Hill's Ch. 46; 2 Vesey, Jr. 572; 40 Cyc. 2066; 40 Cyc. 2022; 2 Hill Eq. 334; 22 S. C. 101; 105 S. C. 13, cited and distinguished from case at bar.

*Messrs. Williams, Williams & Stewart* and *R. E. Wylie,* for respondents, submit: *That by implication the legacy was in lieu of dower, and having accepted the legacy, appellant cannot now claim dower:* 2 Hill Equity 46; 4 Rich. Equity 135; 105 S. C. 16; 37 S. C. 526; 22 S. C. 566.

February 23, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff sued the present owners for dower in a tract of land which was sold by the executor of her husband's will, according to the directions thereof, to provide a fund for the payment of debts and legacies.

The question is whether she is entitled to dower in the land, in addition to the provisions made for her in the will; or, otherwise stated, it is whether the will, read as a whole in the light of the circumstances and situation of the parties, manifests, by necessary implication, the intention that the provision made for her was to be in lieu of dower, notwithstanding that intention was not expressly declared.

Testator had no children, but a number of nephews and nieces, to whom he gave legacies. He had seven tracts of land, aggregating about 566 acres. He devised six of these aggregating 366 acres to plaintiff, for life or widowhood (remainder over), and gave her all his household goods and half his personal estate, after payment of debts and legacies, and directed that his executors sell the other tract of 200 acres (in which plaintiff claims dower) and add the proceeds to his personal estate. This tract was sold for $2,850, which has been found to be a full and fair price for it. The personal estate (so augmented, not including the household goods given to plaintiff) amounted to something over $9,000, and the debts and legacies together amounted to about $7,500, so that, after deducting the expenses of administration, plaintiff will get between $600 and $700 from the personal estate, as augmented by the proceeds of the tract sold. Of this amount, the executor has paid her $500, and she has also received the other bequest and the lands devised to her.

We agree with the Circuit Court that from the nature of the estate bequeathed and devised to plaintiff, as compared with testator's entire estate, and the other provisions of the

will, the inference is clear beyond doubt—indeed, it is necessary, if effect is to be given to the intention expressed—that testator intended the provision made for plaintiff to be in lieu of her dower. The personal estate which is primarily liable for the payment of debts and legacies would have been insufficient for that purpose, if it had not been increased by the proceeds of the tract in question. In that event, plaintiff would have gotten nothing from the one-half of the residue of the personal estate, as there would have been no residue after payment of debts and legacies. So it can be fairly said that plaintiff has received and will receive from the proceeds of the tract more than the value of her dower interest therein. The case falls within the illustration given in *Hall v. Hall,* 8 Rich. 407, at page 411 (64 Am. Dec. 758), when Judge O'Neall, speaking for the Court, said:

"If a testator owns but one tract of land, and he devises to his wife an estate for life in one-half of it, and she claims her dower in the other half, then I apprehend that it might be shown by parol that he owned no other land, and that consequently the estate devised to her, being out of the very land of which she was dowable, and more than her dower, was a satisfaction."

Here the estate bqueathed to plaintiff was out of the very land of which she was dowable, and more than her dower. Her claim is utterly inconsistent with the will. Both cannot be given effect; and, as it is not a case for election whether she will take under the will or under the law, her claim was properly denied.

Judgment affirmed.